# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| STEPHANIE GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: |
| | ) | |
| AARON'S, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | / | |

## COMPLAINT WITH DEMAND FOR JURY TRIAL

Now comes the Plaintiff, STEPHANIE GREEN (hereinafter "Plaintiff" or "Green"), by and through undersigned counsel, and files her Complaint against the Defendant, AARON'S, INC., (hereinafter "Defendant" or "Aaron's") and states as follows:

## NATURE OF THE CLAIMS

1.     This is an action for monetary damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII"); Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"); and the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq.* ("FMLA") to redress Defendant's unlawful employment practices against Plaintiff including

1

Defendant's unlawful discrimination and retaliation against Plaintiff because of her race, disability, and FMLA leading to her unlawful termination.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§1331 and 1343 as this action involves federal questions regarding Plaintiff's rights under the ADA, FMLA, and Title VII.

3.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## PARTIES

4.     Plaintiff, Green, is a citizen of the United States and is and was at all times material, a resident of the State of Georgia, residing in Fulton County, Georgia.

5.     Defendant, Aaron's, is a Foreign For-Profit Corporation with its principal place of business in Atlanta, Georgia.

6.     Plaintiff worked for Defendant at 400 Galleria Pkwy SE, Suite 300, Atlanta, Georgia 30339.

7.     Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

2

## PROCEDURAL REQUIREMENTS

8.     Plaintiff has complied with all statutory prerequisites to filing this action.

9.     On or about April 30, 2020, Plaintiff filed a claim with the Equal Employment Opportunity Commission (hereinafter "EEOC") against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on disability and race based discrimination and retaliation.

10.     Plaintiff's EEOC charge was filed within one hundred and eighty (180) days after the alleged unlawful employment practices occurred.

11.     On May 21, 2020 and July 14, 2020, Plaintiff filed an amended charge with the EEOC.

12.     On January 29, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue at the request of Plaintiff, a copy of which is attached hereto as **Exhibit A**.

13.     This Complaint was filed within ninety (90) days of Plaintiff's receipt of the EEOC Notice of Right to Sue.

## FACTUAL ALLEGATIONS

14.     Plaintiff is African American.

3

15.     Plaintiff is disabled because she suffers from Kidney Disease, which is a physical condition that substantially limits her major life activity of proper endocrine function and requires dialysis treatments three times per week.

16.     Plaintiff is a qualified individual because she is able to perform the essential functions of her job with or without reasonable accommodations.

17.     In or around November 2019, Plaintiff informed Defendant of her disability, obtained intermittent FMLA leave to attend her dialysis treatments, and was working from home as a reasonable accommodation for her disability. Around the same time, Defendant hired Leigh Humphrey (African American) as Director.

18.     Ms. Humphrey immediately removed Plaintiff's reasonable work from home accommodations under the pretext of a new policy that Brad Rogers (Vice President of the Real Estate Department, Caucasian) supposedly implemented.  Ms. Humphrey also removed the work from home accommodations provided to Plaintiff's disabled counterparts such as Pamela (last name unknown, African American) who was recovering from a toe amputation with the ultimatum to return to the office, despite not yet being cleared to return by her doctor, or be terminated.

19.     This new policy only applied to Plaintiff's department.

20.     In January 2020, Ms. Humphrey provided Plaintiff with a schedule for routine training that overlapped with Plaintiff's known, ongoing dialysis treatment

schedule. Plaintiff reported that she would still be utilizing her FMLA for her disability treatments on Mondays, Wednesdays, and Fridays, and requested the reasonable accommodation of being permitted to arrive late to the trainings.

21.    Instead of reasonably accommodating Plaintiff or otherwise engaging in the interactive process, and to interfere with and discourage Plaintiff's use of FMLA leave Ms. Humphrey denied Plaintiff's request and instructed Plaintiff to figure something out because [Plaintiff] had to be at the training.

22.    Plaintiff escalated her concerns of discrimination, failure to accommodate, and FMLA interference to Human Resources. Human Resources failed to take proper action to remedy the discrimination or prevent future discrimination and failures to accommodate.

23.    In March 2020, Defendant terminated Plaintiff by placing her on an indefinite furlough. Plaintiff escalated concerns of discrimination and retaliation and inquired about what supposed legitimate business metrics were used to select who was furloughed, noting that Plaintiff had the longest tenure in the department and more experience than her counterparts. Plaintiff also noted that Defendant had just hired multiple new, non-disabled employees as of March 2020 and retained them.

24.     Defendant has a history of hiring primarily Caucasian candidates and providing Caucasians with better opportunities.  For instance, Defendant hired Elisabeth (last name unknown, Caucasian) as a Lease Administrator II, despite the fact she did not have any experience in the field instead of promoting Plaintiff into the Lease Administrator II position, which she was more than qualified for due to her years of experience.  Further, no African American has held a Lease Administrator II position.

25.     On April 30, 2021, Plaintiff filed her Charge of Discrimination with the EEOC.  Suddenly, on May 15, 2021, Defendant again terminated Plaintiff, this time under the pretext of performance.  Defendant had not raised any performance concerns prior to the termination letter.  The lack of progressive discipline or notice of any alleged issue demonstrates that the reason is pretextual.

26.     The temporal proximity between Plaintiff's protected activity and termination also demonstrates that the reason is pretextual and termination is out of discriminatory and retaliatory animus.

27.     To further retaliate against Plaintiff, Defendant willfully refused to release Plaintiff from the employer portal to maliciously prevent Plaintiff from obtaining unemployment benefits.  Defendant knew that Plaintiff is a dialysis patient

and that she required the unemployment benefits to ensure continuation of her treatments.

28.     Plaintiff has been damaged by Defendant's conduct.

29.     Plaintiff has had to retain the services of undersigned counsel and has agreed to compensate said counsel with reasonable attorneys' fees.

## COUNT I:
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

30.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-29 above.

31.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA because Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

32.     Plaintiff was able to perform the essential functions of her job at the time of her termination.

33.     Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

34.   Defendant discriminated against Plaintiff by subjecting her to a disparate policy and by terminating her under pretext because of her disability in violation of the ADA.

35.   As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

36.   Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

## COUNT II:
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

37.   Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-29 above.

38.   At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA because Plaintiff has an actual

disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

39.    Plaintiff was able to perform the essential functions of her job at the time of her termination.

40.    Defendant is required under the ADA to engage in the interactive process and provide reasonable accommodations for Plaintiff's disability.

41.    Defendant failed to reasonably accommodate Plaintiff or engage in the interactive process by removing her work from home accommodations, denying her permission to slightly modify her schedule to attend her disability treatments, and failing to discuss alternatives accommodations.

42.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

43.    Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious

disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

## COUNT III:
## RETALIATION IN VIOLATION OF THE ADA

44.   Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-29 above.

45.   Plaintiff engaged in protected activity under the ADA while employed by Defendant.

46.   Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

47.   Defendant's conduct violated the ADA.

48.   Defendant's retaliatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

49.   As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and

anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

50.     Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

## COUNT IV:
## RACE BASED DISCRIMINATION IN VIOLATION OF TITLE VII

51. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-29 above.

52.     At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her race, African American.

53.     Defendant is prohibited under Title VII from discriminating against Plaintiff because of her race with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

54.     Defendant violated Title VII by discharging and discriminating against Plaintiff based on her race.

55.     Defendant intentionally discriminated against Plaintiff on the basis of her race.

11

56.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

57.     Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

## COUNT V:
## <u>RETALIATION IN VIOLATION OF TITLE VII</u>

58.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-29 above.

59.     Plaintiff engaged in protected activity under Title VII while employed by Defendant.

60.     Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

61.     Defendant's conduct violated Title VII.

62.     Defendant's retaliatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

63.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

64.     Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

## COUNT VI:
## RETALIATION IN VIOLATION OF THE FMLA

65.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-29 above.

66.     Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than

1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

67.    At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

68.    Plaintiff obtained intermittent FMLA leave to attend her dialysis appointments.

69.    Defendant is prohibited from retaliating against Plaintiff for exercising her rights to FMLA leave.

70.    Defendant intentionally retaliated against Plaintiff by terminating under pretext for exercising her FMLA leave rights.

71.    Defendant's conduct violated the FMLA.

72.    Defendant's retaliatory conduct, in violation of FMLA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

73.    As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of FMLA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress,

including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

74.    Defendant's unlawful conduct in violation of FMLA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)    Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b)    Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert witness fees); and

c)    Award any other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

15

Respectfully submitted,

*/s/ Gary Martoccio*
Gary Martoccio
Georgia Bar No.: 497511
gary.martoccio@spielbergerlawgroup.com
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499

*Attorney for Plaintiff*